JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Cynthia Crook, Individually and on Behalf of All Others Similarly Situated

Against

MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC AND JOHN DOES 1-25

Case No.: **'21 CV0772 CAB DEB**

**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

**FILED**

Apr 20 2021
12:12 pm

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ emilybl        DEPUTY

Plaintiff  Cynthia Crook (hereinafter, "Plaintiff"), a California resident, brings this Class Action Complaint by and through her attorney, against Defendants Midland Credit Management, Inc. (hereinafter Defendant "MCM") and Defendant Midland Funding LLC (hereinafter "Defendant Midland Funding") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

1
2
3
4

## INTRODUCTION/PRELIMINARY STATEMENT

5       1.    Congress enacted the Fair Debt Collection Practices Act (the
6
7   "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive,
8   deceptive, and unfair debt collection practices by many debt collectors." 15
9   U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt
10
11  collection practices contribute to the number of personal bankruptcies, to
12  material instability, to the loss of jobs, and to invasions of individual privacy."
13  *Id.* Congress concluded that "existing laws…[we]re inadequate to protect
14
15  consumers," and that "'the effective collection of debts' does not require
16  'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§
17  1692(b) & (c).
18
19      2.    Congress explained that the purpose of the Act was not only to
20  eliminate abusive debt collection practices, but also to "insure that those debt
21  collectors who refrain from using abusive debt collection practices are not
22
23  competitively disadvantaged." Id. § 1692(e). "After determining that the existing
24  consumer protection laws ·were inadequate." Id. § l692(b), Congress gave
25  consumers a private cause of action against debt collectors who fail to comply
26
27  with the Act. Id. § 1692k.
28

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C.
§ 1331, as well as 15 U.S.C. § 1692 *et seq.*  The Court also has pendent
jurisdiction over the State law claims in this action pursuant to 28 U.S.C.
§ 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C.
§ 1391(b)(1) as this is the judicial district in which the defendant resides.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of California
consumers under § 1692 et seq. of Title 15 of the United States Code,
commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"),
and

6.     Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.     Plaintiff is a resident of the State of California, County of Sacramento,
residing at 3051 Yarwood Way, Sacramento, CA 95833.

8.     Defendant MCM is a "debt collector" as the phrase is defined in 15
U.S.C. § 1692(a)(6) and as used in the FDCPA and can be served upon their
registered agent, Corporation Service Company Which Will Do Business in

California as CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

9.      Upon information and belief, Defendant MCM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.  Defendant MF is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA and can be served upon their registered agent, Corporation Service Company Which Will Do Business in California as CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

11.      Upon information and belief, Defendant MF is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.      John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

a.  all individuals with addresses in the State of California;

b.  that have received collection attempts from Defendants for debts originating with Synchrony Bank, while said consumers were in Disaster Areas as designated by FEMA or State Governments for debts incurred for personal, familial, or household use,

c.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual

class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e, 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common

to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to February 27, 2021, an obligation was allegedly incurred to creditor Synchrony Bank

23.     The Synchrony Bank obligation arose out of transactions incurred primarily for personal, family or household purposes.

24.     The alleged Synchrony Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     Synchrony Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.     Synchrony Bank debt purportedly sold the alleged debt to Defendant MF who contracted with the Defendant MCM to collect the alleged debt.

*Violation – February 27, 2021 Collection Letter*

27.     On or about February 27, 2021, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to MF.   See Letter attached as Exhibit A.

28.     Upon information and belief, Defendant MF purchased Plaintiff's alleged debt from Synchrony Bank and the sale of this alleged debt is subject to relevant conditions that Synchrony Bank imposes on its debt purchasers.

29.     Synchrony Bank contracts of sale (a/k/a Forward Flow Agreements) for defaulted debt provide specific limitation on the ability of its debt purchasers to make any collection attempts while alleged debtors are in disaster areas as determined by FEMA or any other appropriate government entity.

30.     Accordingly, upon information and belief, MF purchased Plaintiff's alleged debt from Synchrony Bank and the Forward Flow Agreements evidencing proof of sale, prohibits MF from seeking to collect against Plaintiff's alleged debt, while Plaintiff resides in a disaster area.

31.     The state of affairs in California, and frankly the whole world, is well known. The Covid-19 pandemic has wreaked havoc across the world, the United States, and California.

32.     On March 4, 2020, Governor Newsom declared a State of Emergency across the entire State.

33.    On March 13, 2020, President Donald Trump declared a nationwide emergency, including for the State of California, as recognized by the Federal Register.

34.    Despite the fact that Plaintiff clearly resided in a disaster area in February 2021, MF pursued collection activities by sending collection letters to Plaintiff.

35.    Given the express conditions of sale, MF misrepresented its ability to collect Plaintiff's debt by sending collection letters in February 2020. Accordingly, MF has violated the FDCPA.

36.    Plaintiff incurred an injury because the Defendant deceptively pursued collection activities at a time when it had no ability to collect the alleged debt.

37.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged

<u>**COUNT I**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

38.    Plaintiff incorporates by reference paragraphs 1-38 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

39.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, e(2), e(5), e(10), and f.

40.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

41.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **MFYER FOR RELIEF**

**WHEREFORE**, Plaintiff Cynthia Crook, individually and on behalf of all others similarly situated, demands judgment from Defendant MCM and Defendant MF as follows:

a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Stieglitz, Esq. as Class Counsel;

b)     Awarding Plaintiff and the Class statutory damages;

c)     Awarding Plaintiff and the Class actual damages;

d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)     Awarding pre-judgment interest and post-judgment interest; and

1    f)    Awarding Plaintiff and the Class such other and further relief as this

2

3    Court may deem just and proper.

4

Dated:  April 15, 2021

5                                                          THE LAW OFFICES OF

6                                                          JONATHAN A. STIEGLITZ

7                                            By:    _____*/s/ Jonathan A Stieglitz*_____

8                                                   Jonathan A Stieglitz

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28